ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ASOCIACIÓN DE RESIDENTES URBANIZACIÓN SAGRADO CORAZÓN, INC., FERNANDO E. OTERO SOTOMAYOR<br><br>Peticionarios<br><br>V.<br><br>FÉLIX A. ROSARIO RUÍZ, RAQUEL FUENTES MATTEI, Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos | TA2026CE00429 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2025CV06574<br><br>Sobre: Art. 14.1 de la Ley Núm. 161-2009 |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de mayo de 2026.

Comparecen la Asociación de Residentes de la Urbanización Sagrado Corazón, Inc. (Asociación) y el señor Fernando E. Otero Sotomayor (en conjunto, parte peticionaria) y solicitan la revisión de una *Resolución Interlocutoria* emitida y notificada el 12 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En dicha determinación, el foro primario denegó la solicitud de relevo de sentencia de la parte peticionaria al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

Por los fundamentos que se exponen a continuación, denegamos la expedición del auto de *certiorari*.

**I.**

El caso se originó el 21 de julio de 2025, cuando la parte peticionaria presentó una *Demanda* contra el señor Félix A. Rosario Ruiz, la señora Raquel Fuentes Mattei y la Sociedad Legal de Bienes

---

[1] Entrada Núm. 43 en el expediente del caso SJ2025CV06574 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Gananciales compuesta por ambos (matrimonio Rosario Fuentes o parte recurrida).[2] En esta, solicitó el cese de una construcción en el inmueble de la parte recurrida que colindaba con la residencia del señor Otero Sotomayor y la demolición de la estructura. Arguyó que la estructura invadía una servidumbre, carecía de un permiso de construcción, e incumplía con la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161-2009, según enmendada, 23 LPRA sec. 9011 *et seq.* (*Ley de Permisos*), y el *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm. 9473 del 16 de junio de 2023 (Reglamento Conjunto).

Tras celebrar una vista de interdicto, el 3 de diciembre de 2025, el TPI emitió y notificó una *Sentencia*, mediante la cual desestimó la *Demanda* al concluir que carecía de mérito y razonabilidad por insuficiencia probatoria.[3] En esta, formuló las siguientes determinaciones de hechos:

1. El ingeniero Oquendo Larracuente, licencia número 15844P, es ingeniero civil y consultor ambiental. Fue contratado por la parte demandante.
2. El 9 de octubre de 2025[,] observó desde el área de la calle, exterior del inmueble objeto de controversia, sin entrar a la propiedad.
3. Las observaciones que realizó las anotó en el documento presentado como Exhibit #1, el cual fue preparado al día siguiente.
4. Durante su visita a la residencia de los demandados, por no haber entrado al inmueble, no tomó medidas, ni pudo observar de cerca toda la construcción objeto de controversia.
5. La Sra. Fuentes Mattei es la dueña del inmueble.
6. La construcción que se objeta mediante el presente pleito y, que se trata de un cuarto con baño, fue construida hace más de 30 años por los padres de la Sra. Fuentes Mattei, quienes eran los titulares originales.
7. Ese cuarto se utilizaba como cuarto dormitorio con baño para uno de sus hermanos.
8. Durante dicha construcción hace 30 años, no hubo reclamo u objeciones de vecinos.
9. Dicha construcción no se encuentra pegada a la colindancia.
10. Los demandados obtuvieron un permiso de construcción para cuarto accesorio [en el] patio posterior, Número de trámite 2025-630270-PCOC-31 5231, el cual es final, firme e inapelable.
11. No obra evidencia alguna sobre alguna violación al permiso de construcción concedido o evidencia que demuestre la invasión a patios laterales.

---

[2] *Íd.*, Entrada Núm. 1 en SUMAC.
[3] *Íd.*, Entrada Núm. 37 en SUMAC.

12. La propiedad del codemandante Fernando E Otero Sotomayor, no colinda con la propiedad de los demandados.

El foro recurrido determinó que la alegación sobre la ausencia del permiso de construcción era incorrecta, toda vez que la parte recurrida obtuvo el correspondiente permiso. Además, estableció que el señor Otero Sotomayor no compartía linderos con el patio posterior ni lateral izquierdo de la residencia del matrimonio Rosario Fuentes, por lo que su alegación de colindancia resultaba incorrecta. Consignó que no se especificó la disposición o requisito aplicable a las estructuras accesorias infringido. Por último, planteó que no se presentó prueba sobre las distancias de construcción respecto a la colindancia posterior, ni sobre la violación de servidumbre o legitimación para sostener la alegación. Ante ello, impuso a la parte peticionaria el pago de $2,000.00 por honorarios de abogado, al amparo del Artículo 14.1 de la *Ley de Permisos, supra,* sec. 9024.

El 9 de marzo de 2026, la parte peticionaria presentó una *Moción para Solicitar Relevo de Sentencia al Amparo de la Regla 49.2 de Procedimiento Civil.*[4] En esta, alegó que hechos posteriores evidenciaron que el permiso de construcción en el que descansó la *Sentencia* se otorgó en violación al debido proceso de ley, al no notificarse su existencia a la Asociación, pese a su intervención autorizada. Afirmó que desconocía que el Municipio de San Juan otorgó el permiso de construcción el 30 de abril de 2025 hasta que la parte recurrida lo divulgó el 14 de octubre de 2025 durante la vista. Expresó que ello constituyó una sorpresa procesal e impidió impugnar la determinación administrativa oportunamente y presentar su caso completo. Puntualizó que el 16 de octubre de 2025, inició un procedimiento ante la Oficina de Gerencia de Permisos (OGPe) que culminó el 13 de febrero de 2026 con la revocación del permiso de construcción por violación al debido proceso de ley. Ante

---

[4] *Íd.,* Entrada Núm. 40 en SUMAC.

ello, adujo que procedía el relevo de sentencia, revocar la imposición de honorarios de abogado y reabrir el procedimiento judicial.

El 11 de marzo de 2026, la parte recurrida se opuso al relevo de sentencia y manifestó que el dictamen no se fundamentó exclusivamente en la existencia del permiso de construcción.[5] Ello, puesto que el foro recurrido resolvió conforme a la prueba presentada y la parte peticionaria no acreditó los requisitos para obtener un remedio al amparo del Artículo 14.1 de la *Ley de Permisos*, *supra*, sec. 9024, circunstancia que no varió con la revocación administrativa. Al día siguiente, el foro primario emitió la *Resolución Interlocutoria* recurrida, en la que denegó la solicitud de relevo de sentencia.[6]

Inconforme, el 9 de abril de 2026, la parte peticionaria presentó este recurso y señaló que el TPI incurrió en los siguientes errores:

**PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR EL RELEVO DE SENTENCIA CUANDO EL FUNDAMENTO JURÍDICO DE LA SENTENCIA DESAPARECIÓ.

**SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IGNORAR LA VIOLACIÓN AL DEBIDO PROCESO DERIVADA DE LA SORPRESA PROCESAL.

**TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL SOSTENER UNA SENTENCIA QUE YA NO RESULTA EQUITATIVA BAJO LA REGLA 49.2 (E).

**CUARTO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL MANTENER LA IMPOSICIÓN DE HONORARIOS POR TEMERIDAD.

En esencia, la parte peticionaria reiteró que el profesional autorizado nunca le notificó que el permiso de construcción se expidió y que la revelación de dicha información durante la vista de interdicto constituyó una sorpresa procesal, al no haber contado con oportunidad razonable para examinarlo, verificar su validez ni someterlo a evaluación pericial, lo que limitó la presentación del caso y condujo a la imposición de honorarios por temeridad. Sostuvo que la OGPe dejó sin efecto el referido permiso, lo que suprimió el

---

[5] *Íd.*, Entrada Núm. 42 en SUMAC.
[6] *Íd.*, Entrada Núm. 43 en SUMAC. Notificada el 12 de marzo de 2026.

fundamento jurídico de la *Sentencia* del 3 de diciembre de 2025. Ante ello, estimó inequitativo que dicho dictamen continuara en vigor. A su vez, planteó la improcedencia de los honorarios de abogado, por entender que su postura respondía a una controversia legítima y jurídicamente fundamentada, no a una actuación temeraria.

El 17 de abril de 2026, la parte recurrida presentó su alegato, en el que adujo que la *Sentencia* del TPI se fundamentó en la insuficiencia probatoria y el derecho vigente, no en la validez del permiso. Precisó que dicha controversia se ventiló ante la OGPe y que cualquier impugnación debía tramitarse en dicho foro. Solicitó denegar el relevo de sentencia al sostener que la parte peticionaria intentó subsanar sus errores, sin demostrar que el TPI incurrió en error, perjuicio o parcialidad. A esto, añadió que el dictamen debía evaluarse conforme a la prueba que formó parte del expediente y al derecho vigente al momento de su adjudicación, no a la luz de hechos posteriores, salvo circunstancias extraordinarias que tornaran injusta su ejecución. Señaló que la revocación del permiso constituyó un evento posterior que no tornó la *Sentencia* en una errónea ni inequitativa.

El matrimonio Rosario Fuentes alegó que la parte peticionaria podía acceder al permiso mediante el portal *Single Business Portal* al emplear un mínimo de diligencia previo a la celebración de la vista de interdicto. Expresó que no podía alegar sorpresa procesal ni violación al debido proceso de ley cuando medió falta de preparación y diligencia. Por último, arguyó que el TPI actuó conforme a derecho al imponer honorarios por temeridad basados en la conducta de la parte peticionaria de retener un informe pericial y anunciar el perito durante la vista, no en el resultado del pleito.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise discrecionalmente determinaciones interlocutorias de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio de Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, limita la expedición del auto de *certiorari* para la revisión de dictámenes interlocutorios bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, y denegatorias de mociones dispositivas. *McNeill Healthcare LLC v. Municipio de Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation et al.*, 202 DPR 478 (2019). Como excepción, permite la revisión de asuntos de admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público o cuando esperar a la apelación ocasionaría un fracaso irremediable de la justicia. *Íd.* En *IG Builders v. BBVAPR,* 185 DPR 307, 339 (2012), se aclaró que, para no quedar desprovistas de revisión, las determinaciones post-sentencias pueden ser revisadas por el foro intermedio al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra*.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 40, dispone los criterios que guían el ejercicio de la facultad discrecional de este foro para atender el recurso de *certiorari*, al considerar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegatoria de la expedición del auto de *certiorari* no requiere expresar sus fundamentos ni implica una adjudicación en los méritos. *IG Builders et al. v. BBVAPR*, *supra*, pág. 336; *McNeill Healthcare LLC v. Municipio de Las Piedras*, *supra*, pág. 405.

### B. Remedios contra las sentencias

Toda sentencia dictada por un tribunal goza de una presunción de validez y corrección. *López García v. López García*, 200 DPR 50 (2018). No obstante, la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2 permite a una parte solicitar el relevo de los efectos de una sentencia dictada en su contra por causas justificadas. *Íd.; Piazza v. Isla del Río, Inc.*, 158 DPR 440 (2003). Entre estas, se encuentran:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción

bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal. [...] Regla 49.2 de Procedimiento Civil, *supra*.

Dicha regla debe interpretarse liberalmente y toda duda debe resolverse a favor de la parte que la invoca. *HRS Erase v. CMT*, 205 DPR 689 (2020). Empero, la concesión de un relevo de sentencia es discrecional del foro primario y merece deferencia apelativa, salvo se demuestre prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Íd.*; *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018); *Náter v. Ramos*, 162 DPR 616 (2004). Pues, el TPI conoce las particularidades del caso, mantiene contacto directo con los litigantes y aquilata la prueba presentada. *Citibank et al. v. ACBI et al.*, *supra*.

Distinto ocurre cuando el dictamen es nulo o ha sido satisfecho. *López García v. López García, supra*; *Pérez Ríos y otros v. ELA y otros*, 213 DPR 144 (2023). Pues, un dictamen nulo es jurídicamente inexistente y resulta mandatorio así declararlo, aun transcurrido el término de seis (6) meses. *Íd.*; *HRS Erase v. CMT, supra*.

Ahora bien, este mecanismo no excusa el descuido de derechos, ya que se reserva para instancias excepcionales de error jurisdiccional o una violación al debido proceso. *López García v. López García, supra, citando a* J. A. Cuevas Segarra, <u>*Tratado de Derecho Procesal Civil*</u>, San Juan, JTS, 2011, T. II, pág. 1415. Tampoco sustituye una reconsideración o apelación, ni provee remedios adicionales frente a un dictamen erróneo. *Náter v. Ramos, supra*.

### C. Interdicto estatutario de la *Ley de Permisos*

El Artículo 14.1 de la *Ley de Permisos, supra*, sec. 9024, establece un interdicto estatutario extraordinario para impugnar

obras o usos que incumplen la normativa de planificación. *Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135 (2024). Procede, entre otros remedios, para revocar permisos, paralizar obras o demoler construcciones cuando carecen de las autorizaciones requeridas o se ejecutan en contravención al permiso concedido. *Íd.*

En cuanto a la concesión de honorarios de abogado, el Artículo 14.1 de la *Ley de Permisos, supra*, sec. 9024, dispone lo siguiente:

> [...] El Tribunal impondrá honorarios de abogados contra la parte que presenta el recurso bajo este Artículo si su petición resulta carente de mérito y razonabilidad o se presenta con el fin de paralizar una obra o permiso sin fundamento en ley. Los honorarios de abogados bajo este Artículo serán una suma igual a los honorarios que las otras partes asumieron para oponerse a la petición judicial. En el caso que el Tribunal entienda que no es aplicable la presente imposición de honorarios de abogados, tendrá que así explicarlo en su dictamen con los fundamentos para ello. [...]

### III.

Tras examinar sosegadamente la totalidad del expediente, no procede expedir el auto de *certiorari*. La parte peticionaria no demostró que se configuró alguno de los criterios contemplados en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, ni en la Regla 40 del Reglamento de este Tribunal, *supra*, R. 40, que justifique el ejercicio de la facultad discrecional revisora de este Tribunal.

Tampoco se advierte que el TPI se equivocó en la aplicación del derecho, apreciación de la prueba ni que abusó de su discreción al denegar la solicitud de relevo de sentencia, cuya concesión constituye un asunto discrecional. La parte peticionaria no demostró que la *Sentencia* fuera nula o estuviera satisfecha, ni que concurriera otra circunstancia que privara al TPI de su discreción. Por ello, la intervención apelativa solo procede ante la demostración de prejuicio, parcialidad, craso abuso de discreción o error manifiesto, circunstancias que no se apreciaron en este recurso.

Igualmente, de la *Sentencia* no se desprende que el TPI descansó exclusivamente en la existencia del permiso de construcción posteriormente revocado. Por el contrario, del lenguaje

contenido en la Sentencia surge que el foro primario fundamentó su determinación en la prueba aquilatada durante la vista de interdicto, particularmente en la insuficiencia probatoria sobre la invasión de servidumbre, la colindancia entre las propiedades, las distancias de la construcción respecto a los linderos y demás asuntos que estimó medulares para la procedencia del remedio solicitado como, por ejemplo, su conclusión de que uno de los peticionarios (el señor Otero Sotomayor) no es colindante de la parte recurrida.

A lo anterior añadimos que, en vista de que la prueba oral no fue reproducida ante esta curia, este Tribunal no está en posición de sustituir el criterio del TPI en cuanto a la apreciación de la misma.

En consecuencia, al no configurarse los requisitos para expedir el auto de *certiorari* ni demostrarse que el TPI actuó contrario a derecho, con prejuicio, parcialidad, craso abuso de discreción o error manifiesto, procede denegar la expedición del auto solicitado.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones